# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0207V
UNPUBLISHED

| | |
|---|---|
| DOMINIC SETARO, JR., <br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 12, 2021<br><br>Special Processing Unit (SPU); Decision Awarding Damages; Pain and Suffering; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 5, 2019, Dominic Setaro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain Barré Syndrome (GBS) as a result of an influenza ("flu") vaccine administered on October 3, 2016. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 30, 2020, I issued a ruling finding Petitioner entitled to compensation. ECF 31. A damages order was issued that same day. ECF 32. The parties were unable to reach a resolution on the appropriate amount of damages, specifically, the amount to be awarded for Petitioner's pain and suffering. ECF 37. After giving the parties an opportunity to file written briefs on the issue, I scheduled this matter for an expedited hearing, which was held on February 26, 2021.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 16, 2021, I issued a damages ruling, awarding Petitioner $160,000.00 for his actual (or past) pain and suffering and $6,650.00 for future pain and suffering. ECF 51. That ruling is incorporated herein as if fully set forth. In the ruling, I ordered the parties to file a joint status report converting the award of future pain and suffering to its net present value[3] and to report on all other outstanding items of damages that remain unresolved, if any. *Id*. On April 6, 2021, the parties filed a joint status report in which they agreed that the net present value of the award for Petitioner's future pain and suffering is $6,260.26. ECF 55. They also reported that there are no remaining unresolved issues regarding damages. *Id*.

Therefore, **I award Petitioner a lump sum payment of $166,260.26 in the form of a check payable to Petitioner**. This represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] I ordered the parties to calculate net present value by using my calculation in *Dillenbeck v. Sec'y of Health & Human Servs.*, No. 17-428V, 2019 WL 4072069 at *15 (Fed. Cl. Spec. Mstr. July 29, 2019) *aff'd in rel. part*, 147 Fed. Cl. 131 (2020). *See also* ECF 51 at 7.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.